IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICHAEL PERRY MUHOMMAD                                                    PLAINTIFF

        v.               Civil No. 4:14-cv-04032

HEMPSTEAD COUNTY, ARKANSAS;
SHERIFF JAMES SINGLETON;
JOHNNY GODBOLT; NURSE LORI ROOK;
JUDGE RANDY WRIGHT; JAILER B. WALKER;
JAILER P. SUMMERVILLE; and SERGEANT V.
MOULDON                                                                   DEFENDANT

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Michael Muhommad filed this case *pro se* pursuant to 42 U.S.C. § 1983 on May 8, 2013.  ECF No. 1.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

This case is currently before me on the issue of preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA").  Pursuant to the PLRA, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.      BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of Corrections Varner Unit in Grady, Arkansas ("ADC").  Plaintiff's address of record indicates he is still incarcerated in the ADC.

The facts giving rise to Plaintiff's Complaint occurred while Plaintiff was incarcerated in

the Hempstead County Detention Center ("HCDC") in Hope, Arkansas in 2011. In Plaintiff's Complaint, he names Hempstead County, Arkansas, Sheriff James Singleton,[1] Johnny Godbolt, Nurse Lori Rook, Judge Randy Wright, Jailer B. Walker, Jailer P. Summerville, and Sergeant V. Mouldon as Defendants. ECF No. 1. In his Complaint, Plaintiff alleges Hempstead County, Arkansas, Sheriff James Singleton, Johnny Godbolt, Nurse Lori Rook, Jailer B. Walker, Jailer P. Summerville, and Sergeant V. Mouldon each denied Plaintiff medical care regarding a wound on his leg.[2] ECF No. 1. Plaintiff claims Judge Wright removed Plaintiff from Sparks Hospital in Fort Smith, Arkansas back to the HCDC in Hope, Arkansas, but Judge Wright did not ensure Plaintiff received the medical care he needed once back at the HCDC.

## II.   APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325

---

[1] Plaintiff named HCDC as a defendant in this matter, however, the HCDC is a building and not subject to suit under section 1983. *See e.g., Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's departments and police departments are not usually considered legal entities subject to suit"); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail is not a "person" under Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (the "jail is not an entity that is amenable to suit"); *In re Scott County Master Docket*, 672 F. Supp. 1152, 1163 n. 1 (D. Minn. 1987) (sheriff's department is not a legal entity subject to suit), *aff'd, Myers v. Scott County*, 868 F.2d 1017 (8th Cir. 1989). Therefore, the Court substituted Sheriff Singleton for the HCDC.

[2] The wound was an incision from a surgery Plaintiff had prior to being incarcerated at the HCDC.

(1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

While Plaintiff's denial of medical care claims against the Hempstead County Defendants should proceed, Judge Wright is immune from suit under section 1983.  Judges are generally immune from lawsuits.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").  Judicial immunity is only overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted).  Plaintiff has failed to allege any action by Judge Wright that was nonjudicial or taken without jurisdiction.  Accordingly, Judge Wright is immune from suit.

## IV.   CONCLUSION

For the foregoing reasons, I recommend that Judge Wright be dismissed from this section 1983 action pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).  Service of the remaining

Defendants will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of May 2014.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE